UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-20805-CMA

ANDRES GOMEZ,

        Plaintiff,

v.

T-MOBILE USA, INC.,

        Defendant.        /

## DEFENDANT T-MOBILE USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant T-Mobile USA, Inc. ("T-Mobile"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(a) and the Court's March 29, 2018 Order [D.E. 12], hereby submits its Answer and Affirmative Defenses to Plaintiff Andres Gomez's ("Plaintiff's") Complaint.

## ANSWER

T-Mobile denies each and every allegation not specifically admitted herein and states as to each correspondingly unnumbered paragraph of the Complaint as follows:

1. T-Mobile admits that the Complaint purports to bring an action under Title III of the Americans with Disabilities Act ("ADA), 42 U.S.C. § 12181 *et seq.*, but denies that there is any proper basis or cause of action to be brought before this Court. Furthermore, T-Mobile denies that any action or inaction on its part has given rise to any liability to Plaintiff and therefore denies that Plaintiff is entitled to any of the relief requested. T-Mobile denies the remaining allegations of this paragraph.

2. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of this paragraph, and therefore denies same. T-Mobile denies the remaining allegations of this paragraph.

3. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies same.

4. The first sentence of Paragraph 4 contains legal conclusions to which no response is required. To the extent such legal conclusions require a response, T-Mobile submits that the purpose and requirements of the ADA and its implementing regulations speak for themselves. As to the second sentence of this paragraph, T-Mobile admits that the enumerated services are available on the Website (defined in paragraph 14 below), and submits that they are also available via telephone and at T-Mobile stores. The third sentence of Paragraph 4 contains legal conclusions to which no response is required. To the extent such legal conclusions require a response, T-Mobile submits that the purpose and requirements of the ADA and its implementing regulations speak for themselves. T-Mobile denies the remaining allegations of this paragraph.

5. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of this paragraph, and therefore denies same. T-Mobile denies the remaining allegations of this paragraph.

6. T-Mobile denies the allegations of paragraph 6.

7. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of this paragraph, and therefore denies same. T-Mobile denies the remaining allegations of this paragraph.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent such legal conclusions require a response, T-Mobile submits that the purpose and

requirements of the ADA and its implementing regulations speak for themselves. Furthermore, T-Mobile denies that any action or inaction on its part has given rise to any liability to Plaintiff and therefore denies that Plaintiff is entitled to any of the relief requested. T-Mobile denies the remaining allegations of this paragraph.

9. T-Mobile admits that the Complaint seeks declaratory and injunctive relief but denies that there is any proper basis or cause of action to be brought before this Court. Furthermore, T-Mobile denies that any action or inaction on its part has given rise to any liability to Plaintiff and therefore denies that Plaintiff is entitled to any of the relief requested. T-Mobile denies the remaining allegations of this paragraph.

## **JURISDICTION AND VENUE**

10. T-Mobile admits that if there was a case or controversy in this matter, jurisdiction would be proper with this Court. However, T-Mobile denies that there is any proper basis or cause of action to be brought before this Court. T-Mobile denies the remaining allegations in this paragraph.

11. T-Mobile admits that it conducts business in this judicial district, but otherwise denies the remaining allegations of this paragraph.

12. T-Mobile admits that if there was a case or controversy in this matter, venue would be proper with this Court. However, T-Mobile denies that there is any proper basis or cause of action to be brought before this Court. T-Mobile denies the remaining allegations in this paragraph.

## **PARTIES**

13. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies same. Paragraph 13 also contains legal

conclusions to which no response is required. To the extent such legal conclusions require a response, T-Mobile submits that the ADA and its implementing regulations speak for themselves.

14. T-Mobile admits that it is a Delaware corporation with its corporate headquarters in Bellevue, Washington. T-Mobile further admits that it operates physical store locations in the State of Florida and that it controls portions of the website at www.tmobile.com (the "Website"), but denies the remaining allegations of this paragraph.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent such legal conclusions require a response, T-Mobile submits that 42 U.S.C. § 12181(7)(F) and the purpose and requirements of the ADA and its implementing regulations speak for themselves. T-Mobile denies the remaining allegations in this paragraph.

## FACTS

16. T-Mobile admits that it controls portions of the Website. Furthermore, T-Mobile admits that the enumerated services are available on the Website, and submits that they are also available via telephone and at T-Mobile stores. T-Mobile denies the remaining allegations of this paragraph.

17. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations in the first and second sentences of this paragraph, and therefore denies same. T-Mobile denies the remaining allegations of this paragraph.

18. T-Mobile submits that the Web Content Accessibility Guidelines ("WCAG") 2.0 AA speak for themselves. T-Mobile further states that the U.S. Department of Justice ("DOJ") has not adopted WCAG 2.0 AA, and otherwise denies the remaining allegations of this paragraph.

19. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of this paragraph, and therefore denies same. T-Mobile denies the remaining allegations of this paragraph.

20. T-Mobile denies the allegations of paragraph 20..

21. T-Mobile denies the allegations of paragraph 21.

22. T-Mobile denies the allegations of paragraph 22.

23. T-Mobile denies the allegations of paragraph 23.

24. T-Mobile denies that the Website is inaccessible. T-Mobile also denies that Plaintiff could not "independently research products and services offered" at T-Mobile's stores, "obtain other information", or "enjoy the other functions" on the Website. Furthermore, T-Mobile denies that any action or inaction on its part has given rise to any liability to Plaintiff and therefore denies that Plaintiff is entitled to any of the relief requested.

25. T-Mobile denies the allegations of paragraph 25.

26. T-Mobile denies the allegations of paragraph 26.

## CLASS ALLEGATIONS

27. T-Mobile admits that Plaintiff purports to bring a class action, but denies that there is any proper basis or cause of action to be brought before this Court. Furthermore, T-Mobile denies that any action or inaction on its part has given rise to any liability to Plaintiff and therefore denies that Plaintiff is entitled to any of the relief requested. T-Mobile denies the remaining allegations of this paragraph.

28. T-Mobile denies the allegations of paragraph 28.

29. T-Mobile denies the allegations of paragraph 29.

30. T-Mobile denies the allegations of paragraph 30.

31. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations in the third sentence of this paragraph, and therefore denies same. T-Mobile denies the remaining allegations of this paragraph.

32. T-Mobile denies the allegations of paragraph 32.

## SUBSTANTIVE VIOLATIONS
## TITLE III OF THE ADA, 42 U.S.C. § 12181 *et seq.*

33. T-Mobile re-asserts and incorporates its responses above to the allegations in Paragraphs 1 through 32 of the Complaint.

34. T-Mobile submits that 42 U.S.C. § 12182(a) speaks for itself. Furthermore, T-Mobile denies that any action or inaction on its part has given rise to any liability to Plaintiff and therefore denies that Plaintiff is entitled to any of the relief requested.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent such legal conclusions require a response, T-Mobile submits that 42 U.S.C. § 12181(7)(F) and the purpose and requirements of the ADA and its implementing regulations speak for themselves. T-Mobile denies all remaining allegations in this paragraph.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent such legal conclusions require a response, T-Mobile submits that 42 U.S.C. § 12182(b)(1)(A)(i)[1] and the purpose and requirements of the ADA and its implementing regulations speak for themselves. Furthermore, T-Mobile denies that any action or inaction on its part has given rise to any liability to Plaintiff and therefore denies that Plaintiff is entitled to any of the relief requested.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent such legal conclusions require a response, T-Mobile submits that 42 U.S.C. §

---

[1] The Complaint's reference to 42 U.S.C. § 12182(b)(1)(A)(1) appears to be a typo.

12182(b)(1)(A)(ii) and the purpose and requirements of the ADA and its implementing regulations speak for themselves. Furthermore, T-Mobile denies that any action or inaction on its part has given rise to any liability to Plaintiff and therefore denies that Plaintiff is entitled to any of the relief requested.

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent such legal conclusions require a response, T-Mobile submits that 42 U.S.C. § 12182(b)(2)(A)(ii-iii), 28 C.F.R. § 36.303(a), and the purpose and requirements of the ADA and its implementing regulations speak for themselves. Furthermore, T-Mobile denies that any action or inaction on its part has given rise to any liability to Plaintiff and therefore denies that Plaintiff is entitled to any of the relief requested

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent such legal conclusions require a response, T-Mobile submits that 28 C.F.R. §§ 36.303(c)(1) and 36.303(b), and the purpose and requirements of the ADA and its implementing regulations speak for themselves. Furthermore, T-Mobile denies that any action or inaction on its part has given rise to any liability to Plaintiff and therefore denies that Plaintiff is entitled to any of the relief requested.

40. T-Mobile denies the allegations of paragraph 40.

41. T-Mobile admits that the Complaint purports to seek relief under the ADA, but denies that there is any proper basis or cause of action to be brought before this Court. Furthermore, T-Mobile denies that any action or inaction on its part has given rise to any liability to Plaintiff and therefore denies that Plaintiff is entitled to any of the relief requested. T-Mobile denies the remaining allegations of this paragraph.

In response to the unnumbered "Wherefore" paragraph following Paragraph 41, including subparts (a)-(f), T-Mobile denies that any action or inaction on its part has given rise to any liability to Plaintiff and therefore denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

Plaintiff's claims are barred because there are no enforceable website accessibility regulations pursuant to the ADA applicable to T-Mobile.

### *Second Affirmative Defense*

Plaintiff's claims are barred because their prosecution violates due process. The DOJ has not enacted regulations specifying whether and to what extent websites must be accessible. It further has not promulgated an applicable legal standard to determine accessibility.

### *Third Affirmative Defense*

Plaintiff's claims are barred by the doctrine of primary jurisdiction. The DOJ is responsible for enacting regulations under Title III of the ADA. Congress has vested the Attorney General with the authority to clarify the statutory obligations that must be met by places of public accommodation. It further directed the DOJ to issue implementing regulations under Title III, to render technical assistance, and to enforce Title III. *See* 42 U.S.C. § 12186(b), § 12206(c), § 12188(b). Additionally, resolution of website accessibility obligations requires expertise and uniformity of administration as reflected in the DOJ's July 26, 2010 Advance Notice of Proposed Rulemaking regarding website accessibility standards. Because the merits of Plaintiff's claims will be significantly impacted by the regulations enacted by the DOJ, Plaintiff's claims cannot be heard until the DOJ's rulemaking is complete.

*Fourth Affirmative Defense*

Plaintiff fails to state a cause of action for violation of Title III of the ADA because the statute does not cover websites. The statute's definition of a "place of public accommodation" does not include a website. *See* 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104.

*Fifth Affirmative Defense*

Plaintiff's claims are barred to the extent that the Complaint seeks accommodations exceeding the requirements set forth in the Title III regulations, 28 C.F.R. Part 36, Subpart D, and the ADA Accessibility Guidelines, 36 C.F.R. Part 1191, Apps. B and D, and to the extent that any accommodations required already exist, such as the availability for Plaintiff to obtain the information and services on the subject website at the facility or via telephone communication with live representatives of T-Mobile.

*Sixth Affirmative Defense*

Plaintiff's claims are barred because his requested remedies would fundamentally alter the nature of the services provided by T-Mobile. There are no enforceable website accessibility regulations. Furthermore, "the ADA does not require places of public accommodations to create full-service websites." *See Gomez v. Bang & Olufsen America, Inc*. No. 1:16-cv-23801 (S.D. Fla. Feb. 2, 2017) (D.E. #24). As such, it would fundamentally alter the nature of the services provided by T-Mobile if it were obligated to expend resources to meet Plaintiff's demands for conformance with evolving guidance.

*Seventh Affirmative Defense*

Plaintiff's claims are barred because his requested remedies would impose an undue burden on T-Mobile. There are no enforceable website accessibility regulations. As such, it

9

501180744 v4

would be unduly burdensome if T-Mobile if it were obligated to expend resources to meet Plaintiff's demands for conformance with evolving guidance.

### *Eighth Affirmative Defense*

Plaintiff's claims are barred to the extent the modifications sought by Plaintiff are not readily achievable nor are alternative methods readily achievable, or easily accomplishable and able to be carried out without much difficulty or expense, as defined by applicable laws and regulations.

### *Ninth Affirmative Defense*

Plaintiff's claims are barred to the extent that implementation of Plaintiff's proposed modifications to the subject website would be technically infeasible.

### *Tenth Affirmative Defense*

Plaintiff's claims are barred because T-Mobile provides effective communication to persons with disabilities through alternative methods. *See* 42 U.S.C. §12182. For instance, the information and services on the subject website are available at its T-Mobile's stores or via telephone communication with a live representative of T-Mobile and, thus, provide equivalent facilitation.

### *Eleventh Affirmative Defense*

Plaintiff's claims are barred because of reasonable modifications to applicable policies, practices and/or procedures that were available and made to accommodate persons with disabilities. For example, the information and services on the subject website are equally available at T-Mobile's stores or via telephone communication with live representatives of T-Mobile.

501180744 v4

*Twelfth Affirmative Defense*

The purported barriers did not prevent effective access to the subject website. Even if the features alleged in the Complaint did not comply with alleged accessibility standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was *de minimis*, the features were usable and accessible despite the alleged noncompliance, and/or Plaintiff was able to use and access the features.

*Thirteenth Affirmative Defense*

Plaintiff's claims are barred because Plaintiff lacks standing to bring this action. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an 'injury in fact,' (2) a casual relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff fails to set forth how the alleged barriers on the subject website prevented him from accessing the goods and services at T-Mobile's stores. Furthermore, the allegations in the Complaint are insufficient to overcome the premise that the only purpose in Plaintiff seeking access to the subject website was for the purpose of pursuing litigation. It is unlikely that Plaintiff will return to the website or face future injury.

*Fourteenth Affirmative Defense*

Plaintiff's claims are barred by the applicable statute of limitations or the doctrine of laches as may be revealed through discovery.

*Fifteenth Affirmative Defense*

Plaintiff's claims are barred for failure to mitigate his alleged damages. For instance, Plaintiff fails to allege that he visited T-Mobile's stores or contacted T-Mobile via telephone to obtain the information and services that he allegedly attempted to obtain at the subject website.

*Sixteenth Affirmative Defense*

Plaintiff's claims and/or requests for attorneys' fees pursuant to the ADA are barred, in whole or in part, to the extent that they are based on the "catalyst theory." *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res*., 532 U.S. 598, 605 (2001). At all times material herein, T-Mobile has sought to enhance access to the subject website and provide alternative methods of effective communication. For example, the information and services on the subject website are equally available at T-Mobile's stores or via telephone communication with live representatives of T-Mobile.

T-Mobile reserves the right to assert any additional or different affirmative defenses in response to the Complaint based on information or knowledge obtained through discovery or investigation.

## **PRAYER**

**WHEREFORE**, T-Mobile prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of T-Mobile;

2. That Plaintiff take nothing by way of the Complaint;

3. That T-Mobile be awarded its costs of suit incurred in defense of this action, including its reasonable attorneys' fees; and

4. For such further and other relief as the Court may deem just and proper.

April 6, 2018                                                                    Respectfully submitted,

**K&L GATES LLP**
*Attorneys for Defendant T-Mobile USA, Inc.*
Carol C. Lumpkin, Esq.
Florida Bar No: 797448
Stephanie N. Moot, Esq.
Florida Bar No. 30377
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 3900
Miami, Florida  33131-2399
Telephone:     305.539.3300
Facsimile:      305.358.7095
Email: carol.lumpkin@klgates.com
            stephanie.moot@klgates.com

By:      /s/ *Stephanie N. Moot*
              STEPHANIE N. MOOT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served via CM/ECF on all counsel of record this 6th day of April, 2018.

## SERVICE LIST

Anthony J. Perez, Esq.
ajperez@lawgmp.com
Alfredo Garcia-Menocal, Esq.
agarciamenocal@gmplaw.com
**Garcia-Menocal & Perez, P.L.**
4937 S.W. 74th Court, #3
Miami, Florida 33155
Telephone:     305.553.3464
Facsimile:      305.553.3031
*Counsel for Plaintiff*

 /s/ *Stephanie N. Moot*
     STEPHANIE N. MOOT